UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARVON L. COLE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:20-cv-02157-JMS-MPB |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Marvon L. Cole petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number CIC 19-05-0230. For the reasons explained in this Order, Mr. Cole's habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On May 17, 2019, Indiana Department of Correction (IDOC) Correctional Officer B. Lemboye wrote a Report of Conduct charging Mr. Cole with battery, a violation of the IDOC's Adult Disciplinary Code offense A-102. The Report of Conduct states:

> On 5-16-2019 at approximately 11:45 pm I, Officer B. Lemboye #253 was standing beside the range officers table on 2/4 side of A-unit. I suddenly heard a continuous banging on one of the cell doors. I walked towards the direction of the sound. I saw two offenders struggling with one another which looked like a fight through the window of Cell 29-2A. I walked closer to the cell door to get a clear observation of what was happening. I saw Offender Brownlow, James #264743 (29-2A) leaning against the cell door while Offender Cole, Marvon #108797 (29B-2A) was continuously throwing closed fist punches at him. Offender Cole is in violation of Conduct Code A-102 (Battery).

Dkt. 6-1 (errors in original).

Mr. Cole was notified of the charge on May 23, 2019, when he received the Screening Report. Dkt. 6-3. He pled not guilty to the charge, requested three witnesses, and certain evidence. *Id.* The three witnesses were IA Hall, Ms. Yancy, and Bonner. *Id.* Mr. Cole requested they answer the question "Prior to this investigation, what was your outcome?" *Id.* Mr. Cole asked for a tablet, presumedly an electronic tablet, to show semen on it; he wanted video evidence to "show how many people went into his room." *Id.*

A hearing was held on June 17, 2019. Dkt. 6-6. Mr. Cole's request for three staff members to answer the posed question was denied as irrelevant. Dkt. 6-3. His requests for the tablet and video were also denied as irrelevant. *Id.* Mr. Cole's statement at the hearing was "I did it. I'm guilty. I did hit him. (He ejaculated on my tablet and I felt like he was going to assault me)." Dkt. 6-6.

Correctional Sergeant R. Snodgrass provided a written witness statement:

> On 5-16-19 and [sic] approximately 11:45PM a 10-10 was called on the 2/4 side of A-unit. I, Sgt. R. Snodgrass arrived at cell 29-2A and saw Offender Cole, Marvon #108797 (29B-2A) hitting (with a closed fist) his bunky Offender Brownlow, James #264743 (29A-2A).

Dkt. 6-7 (errors in original).

Based on Mr. Cole's statement, staff reports, evidence from witnesses, and photographs of injuries to Mr. Cole and his cellmate, the hearing officer found Mr. Cole guilty of battery. Dkt. 6-6. As the hearing officer was preparing to impose sanctions, Mr. Cole stated that he wished to plead not guilty. *Id.* The hearing officer, stating that Mr. Cole had admitted to hitting the other offender, proceeded with imposing sanctions that included the loss of earned-credit-time deprivation. *Id.*

Mr. Cole appealed to the Facility Head and the IDOC Final Reviewing Authority, but both appeals were denied. Dkt. 6-8; dkt. 6-9. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent filed a return to the Court's Order to Show Cause and filed the disciplinary record. Dkt. 6. Mr. Cole did not file a reply.

### C.     Analysis

Mr. Cole presents two grounds for habeas corpus relief. Dkt. 1 at 2. Neither has merit.

#### 1.     Denial of Evidence

Mr. Cole asserts that he was denied his requested witnesses and physical evidence. The Warden does not deny that Mr. Cole's requested evidence was not provided. Rather, the Warden argues the evidence was irrelevant. Dkt. 6 at 6.

An inmate "facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 at 566. When witnesses are not allowed, the habeas petitioner must describe what the denied witnesses would have testified to that would have aided in his defense. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (noting the petitioner did not "explain how [the requested witness's] testimony would have helped him" and thus "the district court properly denied relief" on the petitioner's claim that he was wrongfully

3

denied a witness). Additionally, "prisoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary." *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002).

Mr. Cole does not explain what exculpatory evidence the witnesses would have provided. The screening report shows that the common question to be asked of all three witnesses was "Prior to this investigation, what was your outcome?" Dkt. 6-3. The Court understands "this investigation" to mean the instant battery incident. A note on the screening report states that the question is "not related to why conduct issued." *Id.* The Court agrees. Whatever "outcome" these officials came to *prior* to the incident is not relevant to whether Mr. Cole battered his cellmate. As just noted, Mr. Cole offers no explanation of why the witnesses were relevant, *i.e.*, what exculpatory evidence they could have provided.

Similarly, video evidence to show how many people "went into his room" is irrelevant to whether Mr. Cole battered his cellmate. Mr. Cole has not asserted that Officer Lemboye's identification was erroneous. He has not explained how showing how many people "went into his room," which the Court understands to mean Mr. Cole's cell, is exculpatory to the conduct charge. And the refusal to provide the computer tablet, to show that it was covered with semen, did not deny Mr. Cole due process because the evidence is irrelevant as well. The presence of semen on the tablet is not a defense to battery.

Habeas corpus relief on Ground One of the petition is **denied**.

### 2. Alterations to the Disciplinary Documents

Mr. Cole asserts that the screening report and report of disciplinary hearing were altered after being created. Dkt. 1 at 2. There is no constitutional prohibition to making additional notes

on prison disciplinary documents. As to the conduct report and witness statement, Mr. Cole does not assert any change or modification.

A change to the hearing report showing that Mr. Cole pled guilty and not guilty does not violate due process. Mr. Cole had a hearing and the disciplinary hearing officer considered Mr. Cole's statement and the documentary evidence. Even if the hearing officer disregarded Mr. Cole's statement after he changed his plea to not guilty, there was some other evidence to support the charge. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." If it was error for the hearing officer to consider Mr. Cole's statement *after* he changed his plea to not guilty, in light of the remaining evidence the error was harmless. *Piggie*, 344 F.3d at 678 (applying harmless error doctrine to prison disciplinary habeas corpus cases).

Adding comments to the screening report that the requested evidence was irrelevant does not deny Mr. Cole due process of law. The written comments document why prison officials did not obtain statements from the witnesses or produce the requested evidence.

Finally, if officials violated IDOC policies by adding comments to the documents, such an act by itself does not violate due process. Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the one at issue here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of

addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief."). Accordingly, no habeas corpus relief can be granted by an official's violating IDOC policy when comments were added to disciplinary records.

Habeas corpus relief on Ground Two of the petition is **denied**.

### D.     Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Cole to the relief he seeks. Accordingly, Mr. Cole's petition for a writ of habeas corpus challenging prison disciplinary case number CIC 19-05-0230 is **denied** and this action **dismissed** with prejudice. Final judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 5/20/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Marvon L. Cole
108797
Plainfield Correctional Facility
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN 46168

Abigail Recker
Indiana Attorney General
abigail.recker@atg.in.gov